No. 19,346.

RATIE S. WINGARD, *Appellee*, v. WILLIAM SMITH et al., *Appellants*.

### SYLLABUS BY THE COURT.

NOTE AND MORTGAGE—*In Default for More Than Fifteen Years— Evidence—Presumptions of Payment.* The deposition of one witness and the oral testimony of two other witnesses were introduced in order to overcome the presumptions mentioned in chapter 232 of the Laws of 1911 that the mortgage in question was in default and that its lien had ceased to exist. The trial court found such evidence insufficient for such purpose. *Held,* that such conclusion, not appearing to be unwarranted, can not be disturbed on appeal.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed April 10, 1915. Affirmed.

*Earl Blake, W. A. Ayres,* and *C. A. McCorkle,* all of Wichita, for the appellants.

*Fred B. Stanley, Claude C. Stanley,* and *Benjamin F. Hegler,* all of Wichita, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued to quiet title. The defendants answered that on November 3, 1886, one Coleman Rodgers executed a note to Joshua Smith and also

a mortgage on the land in controversy to secure it, both maturing in 1891, and that before maturity they were indorsed to the defendants' ancestor William Smith; that Rodgers left Kansas about 1890 and never returned to the state, and that the interest was paid to November, 1889. The reply alleged payment. The note and mortgage were offered in evidence and it was proved that Rodgers was never in Kansas after September, 1890. William Smith died in 1893 or 1894, and it was shown that the note and mortgage were in the hands of a relative named Goodyear for some time prior to his death, and Mrs. Goodyear testified that they were never paid, but all she knew about it was what she learned from her husband during his lifetime and his conversations in her presence with William Smith. A son of William Smith, who was also executor, was examined but threw very little light on the question. The court found that the note became due more than fifteen years before the beginning of the action and the filing of the cross-petition and that no payment had been made for more than fifteen years prior thereto, and found that the evidence submitted on behalf of the defendants was not sufficient to overcome the presumptions created by law that the note and mortgage had been paid, and found that they had been paid, and quieted title.

Under chapter 232 of the Laws of 1911, when any mortgage on real estate has been in default for more than fifteen years or the lien thereof has ceased to exist or when an action to enforce it is barred by the statute of limitations the owner of the land may quiet title against it. In this case the action was not barred for the reason that the absence of the maker from the state had never permitted the statute to begin to run; but section 2 of the act provides that the record of such mortgage showing that by the terms thereof the debt matured at least fifteen years prior to the beginning of the action shall be *prima facie* evidence that the mortgage is in default and that the lien has ceased to exist

(and that the action is barred) and the burden is on the defendant or holder of the mortgage to prove the contrary. So here was a *prima facie* showing by virtue of the statute that the mortgage was in default and that the lien had ceased to exist.

Evidence was offered by the defendants for the purpose of showing that the mortgage was not in default and had not been paid and that its lien still existed. The deposition of the maker, after showing his absence from the state since 1890, closed with an answer to what was probably a prepared interrogatory that the witness knew nothing else of interest or advantage to the parties. It is ingeniously argued that this implied that so far as he was concerned the debt had not been paid. But this desired significance is difficult to attach to the general answer in view of the fact that the witness was not asked as to payment, although he of all men necessarily had the actual knowledge which such a question would have disclosed.

The court had before it this deposition and two oral witnesses who were seen and heard, and after giving due consideration to all it was decided that the statutory presumptions had not been overcome, and this being a question of fact depending on the weight and credibility of the evidence the decision not appearing to be unwarranted must stand.

The judgment is therefore affirmed.